CHARLES HALL, PETITIONER-APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, DEPARTMENT OF PUBLIC UTILITIES, STATE OF NEW JERSEY, AND PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 4, 1970—Decided November 16, 1970.

Before Judges KILKENNY, HALPERN and LANE.

*Mr. Lawrence B. Dvores* (Passaic County Legal Aid Society) argued the cause for appellant.

*Mr. Carl F. Bianchi* submitted a brief on behalf of State Office of Legal Services, Department of Community Affairs, *amicus curiae.*

*Mr. James R. Lacey* argued the cause on behalf of respondent Public Service Electric and Gas Company (*Messrs. J. Harry Mulhern and James R. Lacey,* attorneys).

*Mr. Joseph W. Ferraro, Jr.,* Deputy Attorney General, argued the cause for respondent Board of Public Utility Commissioners (*Mr. George F. Kugler, Jr.,* Attorney General, attorney; *Mr. William Gural,* of counsel and on the brief).

PER CURIAM. Petitioner appeals from a decision and order of the Board of Public Utility Commissioners dismissing his petition on the ground that a settlement had been negotiated between petitioner and Public Service Electric and Gas Company.

On July 17, 1969 Public Service discontinued petitioner's electric and gas service for nonpayment of billings for service totaling $124.53. On August 1, 1969 petitioner offered to pay to Public Service $25 on account of the arrears to obtain restoration of his electric service. Prior to the shut-off he had received 13 notices of discontinuance. The petition seeking restoration of service together with other relief was filed August 12, 1969. Petitioner's service was restored August 14, 1969 upon a partial payment of $25 and a representation by petitioner's counsel that arrangements would be made to pay off the balance of the arrears. During the course of the hearing before the Board a settlement was negotiated under which petitioner agreed to pay $22 a month or his current monthly bill, whichever was greater, the excess of the payments over the monthly bill to be applied to liquidate the arrears.

The petition sought an order requiring Public Service to immediately restore gas and electric service pending a hearing on the petition, an order requiring Public Service to continue to provide service so long as petitioner paid his current bill, and a declaration that a refusal to restore utility services upon a customer paying the current bill for service was an unlawful practice.

Petitioner argues that a public utility is not allowed to deny vital services to its customers for nonpayment of a past-due account where it has failed to establish that alternative but less drastic means of collection would either be impractical or unfair to its other customers, and that Public Service has applied its power to deny service to delinquent customers in a nonuniform, discriminatory and unreasonable manner, in violation of *N. J. S. A.* 48:3-2. *Amicus*

*curiae* argues that a public utility has a duty to restore a customer's utility service upon the tender of payment of the current bill regardless of any outstanding arrears; that *Regulation* 14:403–5(b) of the *Regulations of the Board of Public Utility Commissioners* requires a public utility to restore service that has been discontinued for nonpayment when a customer tenders payment of the current charges, and that if *Regulation* 14:403–5(b) allows a public utility to require payment of past due bills as a condition to the restoration of service, then the regulation is arbitrary, unreasonable and discriminatory.

■ The immediate controversy between petitioner and Public Service was settled. Petitioner's service was restored and a payment schedule which would result in the liquidation of the arrears was established. The issue between the petitioner and Public Service is moot. Notwithstanding this fact, petitioner seeks a declaratory judgment that *Regulation* 14:403–5(a) of the Board, allowing a public utility to discontinue service upon reasonable notice for "nonpayment of a valid bill due for service furnished at a present or previous location," is arbitrary and unreasonable. *Amicus curiae* seeks a declaration that *Regulation* 14:403–5(b) as interpreted by the Board is arbitrary, unreasonable and discriminatory.

*Regulation* 14:403–5(b) provides:

Service shall be restored upon proper application when the conditions under which such service was discontinued are corrected, and upon the payment of all proper charges due from the customer provided in the tariff of the utility, or if the Board so directs when a complaint involving such matter is pending before it.

The challenge made by *amicus curiae* is that "all proper charges" cannot include arrears but must be limited to current charges.

■ In its decision and order the Board determined that Public Service properly followed *Regulations* 14:403–5(a) and (b). Such finding by the Board is sup-

ported by credible evidence and will not be disturbed. *Close v. Kordulak Bros.*, 44 *N. J.* 589 (1965). The Board's adoption of *Regulations* 14:403–5(a) and (b) and its interpretation of those regulations must be accorded a presumption of reasonableness. The petitioner and *amicus curiae* did not sustain their burden of showing that the regulations and the Board's interpretation of them was unreasonable. *Consolidated Coal Co. v. Kandle*, 105 *N. J. Super.* 104, 118–119 (App. Div. 1969), aff'd o.b. 54 *N. J.* 11 (1969); *In re Weston*, 36 *N. J.* 258, 263–264 (1961), *cert.* den. 369 *U. S.* 864, 82 *S. Ct.* 1029, 8 *L. Ed.* 2d 84 (1962).

The decision and order of the Board of Public Utility Commissioners is affirmed.